**In re Anthony SAPIENZA, Debtor.**

**Bankruptcy No. 80–21095.**

United States Bankruptcy Court,
W.D. New York.

Feb. 24, 1983.

Louis J. Lombardo, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for I.R.S.

Louis A. Ryen, Rochester, N.Y., for debtor.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A motion has been made by the debtor in this Chapter 13 case to disallow the claims of the Internal Revenue Service (hereinafter called IRS) which seeks certain tax additions in the sum of $2,621.28 to the income taxes for the year ending December 31, 1978 and additional income taxes of $1,856.80 for the year ending December 31, 1979. This amount is in excess of the $2,517.09 claim allowed to the IRS in this proceeding and which has been partially paid to the IRS during the course of this Chapter 13 plan.

The facts appear to be as follows. On August 8, 1980, the debtor filed a Chapter 13 plan. The debtor, in accordance with his plan, commenced paying the trustee the sum of $200 per month on September 29, 1980. The 341 hearing and confirmation hearing were held on October 27, 1980. IRS's first claim covering the 1978 tax year was for $2,517.09 and it was filed on November 10, 1980. The Order confirming the Chapter 13 plan was signed on November 24, 1980 and entered on November 25, 1980. The last day to file claims was April 27, 1981. On December 15, 1981, an Order approving claims was signed. This Order set IRS's claim at $2,517.09. IRS claims that they amended their proof of claim by filing an amended proof of claim on April 14, 1982. However, this Court has no record of that claim. On May 27, 1982, an Order was signed modifying the automatic stay to permit IRS to make a single setoff of the debtor's refund being held by IRS. IRS filed an amendment of their claim with the Court on July 16, 1982 seeking to raise the taxes for 1978 by $2,621.28 and seeking to raise the December 1979 taxes by $1,856.80 and this would have made a total IRS tax claim pre-petition in the amount of $6,995.17. By that time, the trustee had paid them $2,037.09 on their priority claim and the 1980 refund in the amount of $262 has been applied to their claim. Therefore, IRS, by filing the amended claim on July 16, 1982, is seeking the payment of an additional $4,969.08 for their pre-petition taxes.

Once the claims have been approved by the Court and the payments start upon the claim, the Chapter 13 trustee notifies each debtor of the amount remaining to be paid upon their claim each time a check goes to them. IRS, by July 16, 1982, would have received at least ten or twelve such notices. On November 15, 1982, the present motion was made and a hearing was held on it on January 10, 1983 at which time the Court reserved for the filing of briefs by the IRS and the debtor.

The IRS claims that although no specific notation appears on the original or amended proofs of claim to that effect that the amount of the federal claim was contingent or unliquidated, and that, therefore, the provisions of 11 U.S.C. § 502(c)(1) should be applicable to the government's claim. They claim that this section provides that where a claim is contingent or unliquidated that for the purpose of allowance in a case where the fixing or liquidation of a claim would unduly delay the closing of a case that the amount of the claim can be estimated. Since the claims were estimates, they now may be amended. The government is also arguing the position that 11 U.S.C. § 1305(a)(1) permits them to file a proof of claim for taxes that become payable to a governmental unit while the case is pending.

The debtor argues that the IRS is barred from amending the claim because substantial amount of money has been paid by the debtor under the confirmed plan; that to alter the plan at this late date would take the debtor beyond the five year period provided for Chapter 13's; and, finally, that IRS had knowledge of the Order fixing the claims and did nothing about it for many, many, months; and that, therefore, it would be inequitable to reform the plan at this late date and reduce the amount payable to other unsecured creditors, when IRS had an opportunity to appeal the Orders of confirmation and fixing the claims.

The IRS is wrong in their reliance on 11 U.S.C. § 502(c)(1) because 11 U.S.C. § 502(c)(1) talks about contingent or unliquidated claims and estimating the amount thereof. IRS's claim of November 10, 1980 was not contingent.

Their reliance on 11 U.S.C. § 1305(a)(1), again, is misplaced because that is for taxes that become payable to a governmental unit while the case is pending. These taxes were payable prior to the filing. They are pre-petition taxes. The mere fact that IRS was dilatory and did not assess them until after the filing of the petition, does not make them post-petition taxes. In a Chapter 13, Bankruptcy Rule 13–302(e) requires the filing of unsecured claims to be within six months of the first meeting or 11 U.S.C. § 341 hearing. This

Rule is applicable to the Code and binding upon IRS.

Perhaps the only section that IRS might use to amend their claim would be 11 U.S.C. § 502(j), which provides that before a case is closed a claim that has been allowed may be reconsidered for cause and reallowed or disallowed according to the equities of the case. Section 502(j) is a codification of § 57(k) of the 1898 Act and Bankruptcy Service Lawyer's Edition, Vol. 1, § 628(1) at page 535 says:

It was indicated under the Bankruptcy Act of 1898 that the reconsideration provision of former 11 USCS § 93 did not empower the bankruptcy court to re-examine or reallow a claim which had been disallowed, rather than allowed, and that the provision was not intended to permit a creditor whose claim had been allowed in part to seek reconsideration of the part disallowed. Bankruptcy Rule 307, on the other hand, permitted a party in interest to move for reconsideration of an order "allowing or disallowing" a claim, the Advisory Committee Note to Rule 307 expressly manifesting an intent to insure that the broad power of the bankruptcy court under former 11 USCS § 11(a)(2), to reconsider any of its orders, would be applied to permit reconsideration of an order disallowing a claim. To this extent, Bankruptcy Rule 307 appears to be inconsistent with § 502(j) of the 1978 Code, and is therefore overruled, unless the language of § 502(j) stating that "a claim that has been allowed may be reconsidered ... "is somehow construed differently. The legislative history states that § 502(j) "codifies § 57k of the Bankruptcy Act"; § 57k of the 1898 Act (former 11 USCS § 93(k)) provided that "claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed, "and, according to the Advisory Committee Note to Bankruptcy Rule 307, the inclusion of the language "or disallowing" in Rule 307 was intended to prevent the language of § 57k from being interpreted to prevent

reconsideration of a disallowed claim. The express legislative intent to recodify § 57k of the 1898 Act might be construed as a rejection of the view taken in Bankruptcy Rule 307, and an adoption of the view that "the purpose of [former § 57k] is to protect the estate against claims which have been erroneously allowed; not to protect the creditor against partial disallowance. He needs no such protection. If he is aggrieved by the referee's order of allowance, he may petition for review ... and, if necessary, appeal from the court's order. But the remedy by review and appeal would not be adequate protection for the estate. Claims are usually allowed before the trustee or other creditors have had any opportunity to get sufficient information to oppose them or to determine whether the allowance is correct." Nonetheless, Interim Rule 3001(e) provides that "Bankruptcy Rule 307 applies in Chapter 11 cases."

It appears that the Second Circuit limited § 57k of the Bankruptcy Act in the fashion set forth above in the case of *Jayrose Millinery Co., Inc.,* 93 F.2d 471 (1937). The Third Circuit has discussed § 502(j) in a Code Title 11 case *Brielle Associates v. Graziano,* 685 F.2d 109 where they distinguished *Jayrose Millinery Co.,* (supra) upon the grounds that it only considered § 57k of the old Bankruptcy Act and did not take into account the ancient and elementary power of a Court to reconsider orders, and this makes sense. But Congress did disapprove Rule 307 in essence as pointed out in the foregoing quote from Lawyer's Cooperative's Bankruptcy Service especially in light of the revision to Title 28 U.S.C. § 2075 deleting the sentence permitting the rules to supercede the Act.

■ This case is a Chapter 13 case and Rule 3001(e) of the Suggested Interim Bankruptcy Rules does not apply. This Court is bound by the provisions of *In re Jayrose Millinery Co.,* (supra). Even if it were not, and Rule 307 did apply in this case, the IRS having filed a claim for $2,517.09, having accepted payments on it

for over a year after notice fixing the amount of their allowed claim before their revision of their claim, and the debtor having expended large amounts of money in putting his plan into effect, and it now being the time that other creditors receive some payment under the plan, it is too late for IRS to claim that equity requires a change in the amount of their claim because they were dilatory in completing their audit. IRS's claim is fixed in the amount of $2,517.09 as it was by this Court on December 15, 1981, and the amended claim filed on July 16, 1982 and the purported amended claim filed in April of 1982 are hereby disallowed and it is so ordered.