**In re Wilmer & Delores HEBERT, Debtors.**

**Bankruptcy No. 483–00856–LO.**

United States Bankruptcy Court,
W.D. Louisiana.

Feb. 21, 1986.

William J. Friedman, Jr., Lafayette, La., for debtor.

Lawrence W. Moon, Asst. U.S. Atty., for U.S.A. (I.R.S.)

## OPINION AND ORDER

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter came before me on the debtors' Motion for Contempt Judgment. The debtors seek to hold the Internal Revenue Service [IRS] in contempt of court for the assessment of and attempt to collect interest on its claim outside these Chapter 13 proceedings. The following shall constitute the findings and conclusions of this court.

The debtors herein filed a petition in this court under Chapter 13 of Title 11 on September 8, 1983. A Chapter 13 plan was confirmed by this court on March 29, 1984. That plan calls for payment to the IRS on its claim over a 60 month period at the rate of $162.90 for 36 months and $318.00 for the remaining 24 months. As stated in the plan, these payments "shall not and do not include interest". Although notice of the plan's provisions was given, the IRS made no objection to the plan prior to confirmation. Notwithstanding the pendency of the Chapter 13 proceeding in this court, the IRS has recently informed the debtors that interest will be charged either on payments made to the IRS under the plan, or that interest will be accrued on the unpaid balance of the IRS claim. The debtors contend that such action violates provisions of the Bankruptcy Code and orders of this court, and thus seek an order holding the IRS in contempt.

## I.

The IRS defends this motion first by contending that this action is more appropriately one for declaratory judgment, injunctive relief, and damages, rather than for contempt, and therefore should be pled in the form of an adversary proceeding. While this action could have been brought in the form of a complaint for declaratory relief, this court sees no fatal defect in the form of the pleadings. The debtors seek, by motion, to have the IRS held in contempt of court. Bankruptcy Rule 7001 sets out a list of actions which are to take the form of adversary proceedings. Rule 9014 governs procedure in a contested matter not otherwise provided for by the rules, and states that a request for an order in a contested matter shall be by motion. Thus, this court is of the opinion that a motion is proper in this case. Further, the IRS was served in accordance with Rule 7004, governing adversary proceedings, and has failed to allege any prejudicial effect caused by the form the pleadings take in this matter. Therefore, assuming *arguendo* that this matter should have been brought as an adversary proceeding, the court will, in its discretion, decide this matter in its present form.

## II.

The IRS next argues that this action is premature. First, it is contended that the actions of the IRS were not "contumacious". Second, the IRS contends that because the plan has not yet been completed, no discharge order has yet been entered, and thus the IRS has violated no order of this court. As to the latter point, the IRS overlooks one very important factor: the

provisions of Section 362 of the Bankruptcy Code remain in effect during the pendency of a Chapter 13 plan. Section 362(c)(2) provides that the automatic stay of actions against the debtor continues in a Chapter 13 until the time a discharge is granted or denied. Section 362(a)(6) stays "any act to *collect, assess* or recover" (emphasis added) a pre-petition claim. It thus appears that the IRS actions complained of violated the stay.

■ The IRS's contention that this action is premature because no discharge has been granted is irrelevant, because the provisions of Section 362 protect the debtor until a discharge is granted or denied. It is ludicrous to suggest that a creditor may make attempts to collect a prepetition debt during the pendency of a Chapter 13 plan, and that the debtor must wait until the plan's completion and the entry of a discharge to act. The automatic stay remains in effect during a Chapter 13 in order to prevent harassment of the debtor while he attempts to rehabilitate himself and pay off some of his outstanding debt.

■ The IRS also contends that its conduct was not "contumacious", or willfully disobedient. However, the IRS received notice of the bankruptcy proceeding, was aware of the plan and its provisions, and yet continued to assess and attempt to collect interest on a pre-petition debt. This court believes that such actions are sufficiently contumacious to constitute a violation of the stay order in this case.

### III.

Ordinarily, the inquiry would end there. But the IRS also defends its action on the ground that it holds a valid tax lien, which, it is contended, will survive these bankruptcy proceedings. First, this court fails to see how the presence of a lien justifies a clear violation of the automatic stay. However, since the issue has been raised, and in the interest of judicial economy, the court will address that issue.

■ The IRS is quite correct in that a valid federal tax lien is not automatically

discharged in bankruptcy. *In re Simmons*, 765 F.2d 547 (5th Cir.1985). It is also true that a lienholder may generally look to his lien for satisfaction of a debt, and not file a proof of claim in bankruptcy. To that extent the creditor may "ignore" the bankruptcy proceedings. *See In re Tarnow*, 749 F.2d 464 (7th Cir.1984). That does not entitle the creditor to ignore the automatic stay imposed by Section 362 of the Code. Subsection 362(d) provides the only mechanism whereby a creditor may obtain relief from the automatic stay.

■ The IRS also seems to contend that once the debtors Chapter 13 plan is completed, it will be free to seek to enforce its lien. The court is of the opinion that, in this case, the IRS's allowed secured claim will have been paid in full when the debtors' Chapter 13 plan is complete. The reasons for this holding follow.

First, it is important to remember that this case is one under Chapter 13 of the Bankruptcy Code. In order to encourage debtors to attempt to pay back as much of their outstanding debt as they can, the provisions of Chapter 13 are more favorable to debtors than to those of Chapter 7 or Chapter 11.

Second, Section 1322(a)(2) states that the debtors' plan shall provide for full payment of all priority claims such as tax claims "unless the holder of a particular claim agrees to a different treatment of such a claim". Section 1327(c) states that except as otherwise provided by the plan or order of confirmation, property vests in the debtor free and clear of *any* claim or interest of *any* creditor provided for by the plan. In this case, the IRS had notice of the provisions of the debtors' plan, and failed to raise any objection to its treatment under the plan. Had such an objection been raised, the payments to the IRS could have been raised to include interest, *or* the court could have ordered that the IRS would retain its lien to the extent its claim was underpaid. However, this court believes that the IRS's failure to object to its treatment under the plan in this case constitutes

"agreement" to such treatment under Section 1322(a)(2).

 Further, Section 1327 provides that the provisions of a confirmed plan bind both the debtor and each creditor, whether or not the claim of such creditor is treated in the plan, and *whether or not* such creditor accepts, rejects, or objects to the plan. Absent affirmative action at or prior to the confirmation hearing, the IRS, like any other creditor, has effectively waived any right to object to its treatment under the plan. *Western Thrift & Loan Association v. Blair (In re Blair)* 21 B.R. 316 (Bankr.S.D.Cal.1982). In the *Blair* case, which is closely analogous to this one, an oversecured creditor sought a return of collateral or that the debtors be ordered to pay in full the contract amounts. The debtors' confirmed plan provided for interest at the rate of ten per cent per annum, while the contract rate was considerably higher. The *Blair* court held that because the creditor was provided for in the plan, and had notice of the plan's provisions, and had an opportunity to object, that creditor was bound by the plan. The same reasoning applies in this case. Similarly, in *In re Sapienza*, 27 B.R. 526 (Bankr.W.D.N.Y. 1983) the court held that the IRS could not seek to add to its claim two years after confirmation of a Chapter 13 plan. The IRS's dilatory actions, coupled with the prejudice which would result to the debtors, led the court to disallow the IRS's increased claim. The same is true in the case at hand.

 The IRS relies heavily on *Simmons v. Savell (In re Simmons)* 765 F.2d 547 (5th Cir.1985), which holds that a Chapter 13 debtor with a confirmed plan cannot force the cancellation of liens. The IRS also cites authority to the effect that liens are not generally discharged by bankruptcy. While that contention is quite correct, that is not the issue here. This holding does not affect the validity of the lien of the IRS. It only determines the *amount* of that lien. The IRS shall retain its lien until such time as the debtor's complete their plan and are discharged. Should the debtors default on their plan the IRS would be free to seek to have the stay lifted in order to foreclose on that lien. However, if the debtors complete their plan, the lien will be discharged because the entire amount of the IRS's allowed secured claim, as provided in the confirmed plan, *will have been paid in full*. The IRS has a lien only in the amount provided for by the confirmed plan, through the operation of Sections 1322(a)(2), and 1327(a) and (c). A secured creditor, who is provided for by a Chapter 13 plan, and who fails to object to his treatment under the plan, may find himself bound by that plan.

### Conclusion

This court finds the IRS in contempt of court for assessing and attempting to collect pre-petition taxes without first obtaining relief from the stay. The court also finds that the IRS waived its right to collect interest during the pendency of the Chapter 13 plan in this case, and accordingly finds that the IRS's allowed secured claim is in the amount of pre-petition principle and interest only. Thus, the IRS's lien is also in that amount only.

The court will impose no sanctions for contempt at this time, as the issue here is one of first impression in the district. However, if any further collection is attempted by the IRS, an automatic fine of $5,000.00 will be imposed.

A judgment consistent with this opinion will be signed upon submission.