In re John E. and Wanda B. GUILBEAU, Debtors.

Bankruptcy No. 486–01104–LO–13.

United States Bankruptcy Court, W.D. Louisiana.

Jan. 20, 1987.

Hamilton Chauvin, New Orleans, La., for debtors.

Albert Boudreaux, Abbeville, La., for Abbeville Bank & Trust, creditor.

## MEMORANDUM OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter comes before the court on motion for relief from the automatic stay filed by Abbeville Bank and Trust Company [Bank]. The issue to be decided by this court is whether, having failed to object to the debtors' proposed Chapter 13 plan, which provides for payment to the Bank, the Bank can now be granted relief from the automatic stay based on lack of adequate protection. For the reasons set forth below, this court concludes that the automatic stay cannot be lifted in this case.

The order of confirmation in a Chapter 13 case is to be given *res judicata* effect as to those issues that were decided, or could have been decided, at the time of confirmation. 11 U.S.C. § 1327(a); 5 *Collier on Bankruptcy* ¶ 1327.01[1] (15th Ed. 1986); *In re Hebert*, 61 B.R. 44 (Bankr.W. D.La.1986); *In re Flick*, 14 B.R. 912. (Bankr.E.D.Pa.1981); *In re Lewis*, 8 B.R. 132 (Bankr.D.Idaho 1981). Section 1327(a) of the Bankruptcy Code provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has reject-ed the plan." As stated by *Collier, supra,* "[t]he provisions of a confirmed Chapter 13 plan binds the debtor and all creditors. It makes no difference whether the creditor is provided for by the plan, or has accepted, rejected, or objected to the plan. Upon becoming final, the order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack." *Id.* Section 1327(a) was intended to apply to just such a situation as this. In this case, the Bank failed to timely object to the plan. Having slept on its rights, the Bank now seeks to recover its collateral, despite the existence of a confirmed Chapter 13 plan that provides for payment to the Bank. The issue of the Bank's adequate protection, which centers around valuation of the Bank's collateral, could have been, and should have been, raised prior to confirmation. Having failed to raise the issue of adequate protection at the proper time, the Bank is now precluded from doing so. Therefore, the motion for relief from the stay is denied.

This court does not believe that the issues raised by the Bank were in bad faith or clearly without merit. Therefore, the debtor's request for attorney's fees and expenses is hereby denied.