**In re William S. YOUNG, Debtor.**

**Pricilla FORD,** [*] **guardian for Tamikia FORD, Plaintiff,**

v.

**FIDELITY CONSUMER DISCOUNT CO., Defendant.**

**Bankruptcy No. 86–04428S. Adv. No. 87–0319S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 14, 1987.

---

[*] We have corrected the spelling of the names of the Plaintiffs and substituted the name of the successor of the Defendant originally named herein in our Order, although we have allowed the caption, which contains errors in these matters, to remain intact.

Alan M. White, Philadelphia, Pa., for Pricilla Ford.

Lawrence T. Phelan, Philadelphia, Pa., for Fidelity Consumer Discount Co.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

■ Although we overcame significant procedural hurdles to reach the merits of the case before us, and the equities of the matter appear to favor such action, we must conclude that we cannot act herein to grant the Plaintiff relief on the merits. We believe that the Bankruptcy Code requires us to conclude that, although Confirmation of a Chapter 13 Plan binds creditors provided for under the Plan, as well as debtors, to the terms of a Plan, a creditor contending that the debtor has not complied with the terms of the Plan and which obtains relief from the automatic stay is thereafter no longer bound by the terms of the Plan. Hence, we shall sustain the position of the Defendant and proceed to dismiss this case.

The history of the facts surrounding this proceeding were already related by us in our Opinion of March 16, 1987, reported at 70 B.R. 968, 969–70 (Bankr.E.D.Pa.1987), wherein we ruled that the Plaintiff herein, PRISCILLA FORD, had standing and would be permitted to reopen the bankruptcy case of her step-father, WILLIAM S. YOUNG, to litigate this adversary proceeding. Therefore, we shall not repeat them, except to amplify and add to what we said there.

On April 3, 1987, the Plaintiff, as Guardian for her daughter, TIMICKIA FORD, filed the Complaint. On May 7, 1987, EQUITABLE NATIONAL BANK, identifying itself as the successor-in-interest to FIDELITY CONSUMER DISCOUNT COMPANY, the original Defendant (referred to hereinafter as "the Defendant"), answered. On the date of trial, June 11, 1987, counsel for the parties came before us and related that they had agreed to have the case decided on a Stipulation of Facts to be filed on or before June 26, 1987, and thereafter submit Briefs in support of their positions on or before July 10, 1987, and July 31, 1987, respectively. The parties adhered to this schedule, and we hence have before us a

record consisting of a 20–paragraph Stipulation of Facts.

Raising perhaps the only argument available to the Plaintiff in a troublesome factual setting, the Plaintiff's able counsel frames the issue as follows:

The issue presented in this case is whether a secured creditor that obtains relief from the automatic stay, but is provided for and paid in full through a debtor's Chapter 13 plan, may seek to recover additional collection costs incurred during and after the bankruptcy after the debtor's Chapter 13 discharge, without taking any action in bankruptcy court to increase the amount of its allowed claim. If Fidelity's position is correct, and secured creditors can freely assert claims for additional interest, fees and costs after successful completion of a Chapter 13 plan, the finality of bankruptcy court orders allowing claims, confirming Chapter 13 plan and discharging Chapter 13 debtors would be completely undermined. Trial Brief [of Plaintiff], at 3–4.

We believe that the Defendant Fidelity's position is correct, and the "horror story" consequences suggested by the Plaintiff's counsel can result if a debtor is not vigilant and allows the secured creditor to obtain relief from the automatic stay.

The Plaintiff contends that 11 U.S.C. § 1327, which provides as follows, supports a decision in her favor:

Sec. 1327. Effect of confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is fee and clear of any claim or interest of any creditor provided for by the plan.

■ The Plaintiff accurately points out that the order of Confirmation "is to be given *res judicata* effect" as to the rights and liabilities of both the debtor and the creditors provided for thereby. *In re Guilbeau,* 74 B.R. 13, 14 (Bankr.W.D.La.1987). *Accord, United States v. Norton,* 717 F.2d 767, 774 (3d Cir.1983); *In re Hebert,* 61 B.R. 44, 47 (Bankr.W.D.La.1986); *In re Spadel,* 28 B.R. 537, 539–40 (Bankr.E.D.Pa. 1983); *In re Sapienza,* 27 B.R. 526, 528–29 (Bankr.W.D.N.Y.1983); *In re Blair,* 21 B.R. 316, 317 (Bankr.S.D.Cal.1982); and *In re Flick,* 14 B.R. 912, 918 (Bankr.E.D.Pa. 1981).

However, it frequently occurs that, after a Plan is confirmed, the Debtor fails to perform according to the Plan, and the creditor seeks to obtain relief from the automatic stay to pursue the state-court remedies which were halted by the combined impact of 11 U.S.C. § 362(a) and 11 U.S.C. § 1327(a). Clearly, if the debtor engages in post-Confirmation conduct which constitutes "cause" for relief, the creditor may obtain relief from the stay pursuant to 11 U.S.C. § 362(d)(1). *See, e.g., In re Ellis,* 60 B.R. 432, 434–35 (9th Cir. Bankr.App.1985); *In re Dougherty,* 76 B.R. 410, 411 (Bankr.E.D.Pa.1987); and *In re Clark,* 38 B.R. 683, 684–85 (Bankr.E.D.Pa.1984).

■ We believe that the dispute-resolution mechanism to determine whether or not the debtor has complied with his obligations under the Plan, thus binding the creditor to the treatment proposed for the creditor in the Plan, both before and after discharge, is a stay-relief motion pursuant to 11 U.S.C. § 362. If the Debtor has not complied with the terms of the Plan, the creditor may obtain relief from the stay and proceed with state-court remedies.

It is the failure of creditors to attempt to invoke the stay-relief mechanism for which several of the cases noted above properly chastised the creditors. *See Guilbeau,* 74 B.R. at 14 (stay relief denied because debtors were complying with the terms of the Plan); *Hebert, supra,* 61 B.R. at 46 (credi-

tor failed to invoke § 362(d), "the only mechanism whereby a creditor may obtain relief from the automatic stay"); *Sapienza*, 27 B.R. at 527 (stay relief to pursue one separate claim insufficient to allow creditor to pursue claims provided for under the Plan); and *Flick, supra*, 14 B.R. at 918 (stay relief denied because debtor was complying with terms of the Plan).

■ Here, the creditor successfully invoked the § 362(d)(1) mechanism. We do not doubt, as the Plaintiff asserts, that relief was granted, in apparent contra-distinction to *Guilbeau* and *Flick* and the spirit of all of the cases cited herein, due to the particular incompetence of the Debtor's since-disbarred counsel, S. Simpson Gray. However, we have not been asked by the Plaintiff to reconsider this Order, entered almost six years ago on November 30, 1981.

Having obtained relief from the stay, the Defendant was not given license as a loose cannon to plunder the Debtor, the Plaintiff, or Timickia without any countervailing checks. Rather, the Defendant was compelled to return to state court to litigate its rights there. It is troubling to us to note that, to recover a doubtful principal claim of but $243.00, the Defendant amassed costs and fees which now total $3,006.28. Especially disconcerting is the appendage of a legal fee measured by eighteen (18%) percent of the amount set forth in the Complaint, which appears unauthorized by the underlying loan contract, as well as the principles of conscionability or reasonableness. *Cf. In re Smith*, 76 B.R. 426 (Bankr.E.D.Pa.1987); and *In re Nickleberry*, 76 B.R. 413 (Bankr.E.D.Pa.1987). However, we believe that, relief from the stay having been granted, these wrongs are beyond our jurisdictional power to right. The Plaintiff is, of course, not foreclosed from petitioning the state court, which granted this onerous judgment, for relief therefrom. We could, however, have acted directly on these matters, as the Plaintiff urges us to do, only if the state court case had been properly removed to our Court. See Bankruptcy Rule 9027 (as amended, August 1, 1987).

There is, further, some degree of truth in the Defendant's contention in its Brief (which cites no cases in its text in support of its position) [1] that the "villains" in this matter, in addition to the Defendant itself and Mr. Gray, may have been the Debtor and the Plaintiff. The transfer of the premises in issue to Timickia by the Debtor was a gross violation of 11 U.S.C. § 363(b)(1), rendering the transfer at least voidable. *Compare In re Fernwood Markets*, 73 B.R. 616, 619–21 (Bankr.E.D.Pa. 1987); and *In re Foster*, 19 B.R. 28–29 (Bankr.E.D.Pa.1982). The Defendant was obliged to proceed to obtain judgment against Timickia not once, but twice, the first judgment having been set aside on the Defendant's own Motion when it became cognizant of her minority. Although the Plaintiff should have been apprised of the state-court proceeding, especially in light of these procedural vagaries, and defended same, she inexplicably failed to do so.

Hence, somewhat regretfully, we conclude that we cannot extricate the Plaintiff from circumstances which, while onerous, are at least partially of her own making. An Order rendering judgment in favor of the Defendant will hence be entered by us.

---

1. In all fairness to the Defendant, there may not *be* any cases on point, on either side of the question. None of the cases cited by the Plaintiff actually support her position, either.

We do not consider the reasoning of *In re Simmons*, 765 F.2d 547 (5th Cir.1985), a straw-man cited and distinguished by the Plaintiff, to support the position of the Defendant, nor are we at all certain that *Simmons* was correctly decided and hence worthy of being followed by us. However, we reach our decision without any reliance on the reasoning of *Simmons*.