An order consistent with the foregoing shall issue.

**In re Phyllis BROWN, Debtor.**

**Bankruptcy No. 85–01836G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 24, 1987.

Arthur L. Haywood, Philadelphia, Pa., for debtor.

Sheldon C. Jelin, Philadelphia, Pa., for Fidelity Bond and Mtg. Co.

Edward Sparkman, Philadelphia, Pa., Trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

■ The instant matter is a companion piece to our recent decision in *In re Young, Ford v. Fidelity Consumer Discount Co.,* 76 B.R. 504, (Bankr.E.D.Pa.1987). In *Young* we held that, irrespective of the equities in favor of an indigent consumer-debtor, a creditor was relieved from the proscriptions of 11 U.S.C. § 1327(a) in making a claim against the debtor by a creditor's having obtained relief from the automatic stay pursuant to 11 U.S.C. § 362(a)(1). Here, we hold that, irrespective of equities in favor of a creditor, the creditor, not having proceeded to obtain revocation of Confirmation in timely fashion, per 11 U.S.C. § 1330(a), is bound by the terms of the Debtor's Modified Plan by the proscriptions of 11 U.S.C. § 1327(a).

The instant matter comes before us on a Motion by Fidelity Bond and Mortgage Co. (hereinafter referred to as "the Mortgagee") for an Extension of Time to File an Amended Proof of Claim, filed on April 28, 1987. On June 11, 1987, the matter having

come before us for a hearing, the parties agreed to submit the matter on a Stipulation of Facts and Briefs. After a short delay, the parties submitted a Stipulation of Facts on July 1, 1987, and Briefs in support of their positions on behalf of the Mortgagee and the Debtor, respectively, on July 22, 1987, and August 6, 1987.

The Stipulation of Facts advises us that the Debtor, who filed her Petition on May 13, 1985, filed her initial Plan on June 13, 1985. This Plan contemplated payments of $78.00 monthly for sixty months and, thus, per the parties' Stipulation of Facts, provided payments "not exceeding $3,276.00" to the Mortgagee.[1] However, on July 3, 1985, due, per its own explanation, to confusion of the Debtor's account with that of another individual with the same name by one of its agents, the Mortgagee filed a Proof of Claim in an amount of only $1,488.01. In fact, the Mortgagee's calculations showed $4,204.21 to be the correct amount, and they seek to amend their Proof of Claim to that figure in this Motion.

The Confirmation Hearing was originally scheduled on October 8, 1985. It was continued to allow new counsel for the Debtor to familiarize himself with the case. On November 15, 1985, doubtless after noting the unexpectedly low figure on the Proof of Claim, the Debtor filed a Modified Plan, reducing the monthly payments to $41.00 monthly from $78.00 monthly over the last fifty-six of the sixty months of the Plan. The Modified Plan was accompanied by a Certification with respect to Local Rule (hereinafter referred to as "L.B.R.") 3019.-1.[2] The Stipulation does not divulge the contents of the Certification, but we observe, from examination of same, that the Certification recites that "no creditors are entitled to service of the debtor's modified plan, because the modified plan was filed more than twenty days before the next scheduled hearing on confirmation."

On December 10, 1985, a Confirmation Hearing was scheduled, but was thereafter continued six times, until May 13, 1986, while the Debtor resolved a disputed claim with another creditor. The Mortgagee never filed an Objection to Confirmation, and the Plan was confirmed on May 13, 1986. The Mortgagee did not discover its error until almost a year later, when the instant Motion was filed.

The Mortgagee presents the following arguments: (1) The Plan was not proposed in good faith, in violation of 11 U.S.C. § 1325(a)(3), because the Debtor knowingly took advantage of the Mortgagee's error; (2) The Plan modified the Mortgagee's secured claim, in violation of 11 U.S.C. § 1322(b)(2); (3) The Debtor's modification of her Plan violated 11 U.S.C. § 1323(a), (c); and (4) The procedures by which the Debtor modified her Plan violated Bankruptcy Rule (hereinafter referred to as "B. Rule") 3019 and L.B.R. 3019.1.

We believe that the combined effect of 11 U.S.C. §§ 1330(a) and 1327(a) totally eliminates the basis for all of the Mortgagee's contentions. These provisions state as follows:

Sec. 1330. Revocation of an order of confirmation.

(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after

---

**1.** The parties also stipulated that the entire record of the case is admitted into evidence, and hence we freely refer to same when the parties' Stipulation of Facts contains gaps.

**2.** This Rule provides as follows:
LOCAL RULE 3019.1
FILING OF MODIFIED CHAPTER 13 PLAN BEFORE CONFIRMATION; SERVICE
(a) Where a modified Chapter 13 plan is filed within 20 days of the next scheduled hearing on confirmation, the debtor shall serve a copy of the modified plan on all creditors who, according to the modified plan, would receive distribu-

tion in an amount less than the amount proposed in the plan previously filed by the debtor.
(b) Each modified plan in a Chapter 13 case shall be accompanied by a certificate containing either the names of the creditors upon whom the modified plan was served or a statement that no creditors are entitled to service.
(c) No modified Chapter 13 plan shall be confirmed prior to 20 days from the date of the filing and service of a modified Chapter 13 plan and the filing of the certificate described in paragraph (b) above.
This Rule will probably be revised to require a broader scope of service in the near future.

notice and a hearing, the court may revoke such order if such order was procured by fraud.

Sec. 1327. Effect of confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

As we pointed out in *Young, supra*, at 506, it is well-established that the order of Confirmation "is to be given *res judicata* effect" as to the rights and liabilities of both the debtor and the creditors provided for thereby. *In re Guilbeau*, 74 B.R. 13, 14 (Bankr.W.D.La.1987). *Accord, United States v. Norton*, 717 F.2d 767, 774 (3d Cir.1983); *In re Gregory*, 705 F.2d 1118, 1121 (9th Cir.1983); *In re Lee*, 71 B.R. 833, 850 (Bankr.N.D.Ga.1987); *In re Stern*, 70 B.R. 472, 474 (Bankr.E.D.Pa.1987); *In re Hebert*, 61 B.R. 44, 47 (Bankr.W.D.La. 1986); *In re Spadel*, 28 B.R. 537, 539–40 (Bankr.E.D.Pa.1983); *In re Sapienza*, 27 B.R. 526, 528–29 (Bankr.W.D.N.Y.1983); *In re Blair*, 21 B.R. 316, 317 (Bankr.S.D.Cal. 1982); and *In re Flick*, 14 B.R. 912, 918 (Bankr.E.D.Pa.1981).

The Order of Confirmation is, in effect, a judgment that all of the Code requirements for Confirmation are satisfied. Thus, perforce, the Confirmation Order represents a finding that the requirements of 11 U.S.C. §§ 1325(a)(3), 1322(b)(2), 1323(a), (c), B. Rule 3019, L.B.R. 3019.1, and all other applicable Code provisions and Rules have been satisfied.

■ The Confirmation Order can, in only the very limited circumstances set forth in § 1330(a), be undone. These circumstances are as follows: (1) Such relief is requested within 180 days of the Confirmation Order; *and* (2) It is established that the Confirmation Order was procured by fraud. The Mortgagee fails on both scores. Regarding the first circumstance, it is clear that the Motion was filed well over 180 days after Confirmation. Moreover, here, the proceedings on the Modified Plan were drawn out ever since November 15, 1985, the date of its filing. With only a modicum of diligence, the Mortgagee could have discovered the contents of the Plan well before the 18–month period that lapsed between the filing of the Plan and the filing of the Motion. The second necessary circumstance, proof of fraud, which must generally be established by "clear and convincing" evidence, *see, e.g., In re Somerville*, 73 B.R. 826, 835 (Bankr.E.D.Pa.1987); and *In re Woerner*, 66 B.R. 964, 972 (Bankr.E. D.Pa.1986), *aff'd*, C.A. No. 86–7324 (E.D. Pa., Order filed April 28, 1987), is totally lacking on this record. There is no evidence to support the notion that the Debtor or her counsel knew that the Mortgagee had made an error in submitting its Proof of Claim. It is just as logical for them to have assumed that their initial computations of the delinquency contained an error.

Assuming *arguendo* that it is not precluded by the combined effect of 11 U.S.C. §§ 1330(a) and 1327(a) on the ground that its contentions are untimely and must be rejected irrespective of their potential merit, we shall very briefly address the merits of the Mortgagee's four alternative arguments cited at page 1014 *supra*. Our numbers below correspond to the numbers of the four arguments introduced by us at page 1014 *supra*.

■ (1) Good Faith, per 11 U.S.C. § 1325(a)(3), is a limited concept, relating only to serious elements of proven debtor dishonesty or misconduct. *See In re Gathright*, 67 B.R. 384, 387–88 (Bank.E.D.Pa. 1986), *appeal dismissed*, 71 B.R. 343 (E.D. Pa.1987). The record here discloses no such elements.

(2) There is no evidence establishing that the Mortgagee fits within the narrow category of a holder of a claim secured only by residential realty, as opposed to other property, as is required to render 11 U.S.C. § 1322(b)(2) applicable. *See In re Jablonski*, 70 B.R. 381, 386 (Bankr.E.D.Pa.1987).

(3) The only provision of § 1322 which the Mortgagee avers that the modified Plan fails to meet, which is prerequisite for application of 11 U.S.C. § 1323, is § 1322(b)(2). This argument that the mod-

ified Plan violates § 1322(b)(2) is disposed of in the preceding paragraph.

■ (4) The Confirmation Order perforce constituted the requisite finding, per B. Rule 3019, that no party was adversely affected by the modification, which resulted in a Plan which paid off the Mortgagee's filed Proof of Claim in full and hence certainly did not appear to affect the Mortgagee adversely. The Certification by the Debtor's counsel was in accordance with L.B.R. 3019.1(b), and in fact parrots the Rule almost vertabim. *Compare In re Gronski,* 65 B.R. 932, 934 (Bankr.E.D.Pa. 1986) (Plan should not be confirmed where Certification per L.B.R. 3019.1(b) is absent.).

Thus, we could not sustain the Mortgagee's Motion on its merits even if we overlooked the fact that it is barred by *res judicata* due to the Confirmation Order. Moreover, we are not inclined to overlook the precepts of 11 U.S.C. §§ 1330(a) and 1327(a), because they lend a certainty to the Plan confirmation process which serves creditors as well as debtors. This policy is not to be easily undermined or its consequences lightly disturbed.

We conclude with an observation similar to that which we made in conclusion in *Young, supra.* While the equities of the result are troubling, it must be recalled that the adverse impact of the turn of events could have been avoided had the Mortgagee not been negligent itself. The erroneous Proof of Claim was introduced solely by its own agent's action. The failure to carefully review the modified Plan in the six-month period between its filing and its Confirmation represented further negligence on the Mortgagee's part. Finally, not uncovering the error until almost a year had passed, long after the 180–day period to request revocation of the Debtor's Confirmation had run, represented additional negligence on the Mortgagee's part.

Hence, as in *Young,* we cannot extricate the Mortgagee from circumstances which are mostly of its own making. An Order denying the Mortgagee's Motion must therefore be entered by us.