**In re BAJAC CONSTRUCTION COMPANY, Debtor.**

**Bankruptcy No. 184–02346–B–7.**

United States Bankruptcy Court, E.D. California, Fresno Division.

May 23, 1989.

Andrew D. Weiss, Special Asst. U. S. Atty., San Jose, Cal., Larry J. Gallagher, Asst. U. S. Atty., Fresno, Cal., for U.S.A.

J. Roderick Jarrett, Jarrett & Meyer, Fresno, Cal., for trustee.

Arthur D. Radke, Trustee.

BRETT DORIAN, Bankruptcy Judge.

### MEMORANDUM OF DECISION ON OBJECTIONS TO CLAIMS

This case was originally filed as a Chapter 11. It was converted to a Chapter 7 proceeding on January 8, 1986. The bar date for filing claims following conversion was June 3, 1986. The Chapter 7 trustee has objected to the allowance of four claims filed by the Internal Revenue Service (hereinafter "IRS"). The dates of filing, amounts, and claim numbers assigned by the clerk of the four claims are as follows:

| Date Filed | Amount | Claim Number |
|---|---|---|
| 07–01–85 | $31,242.49 | 91 |
| 07–01–85 | $15,174.26 | 92 |
| 04–24–86 | $54,746.92 | 96 |
| 08–03–87 | $93,924.34 | 104 |

ments are negotiated.

At a hearing held on January 4, 1989, the trustee and IRS stipulated that claim number 91 be disallowed as having been superseded by claim number 104, that claim number 92 be allowed as a pre-petition priority claim rather than as a Chapter 11 cost of administration claim, and that claim number 96 be disallowed as having been superseded by claim number 104, leaving at issue the trustee's objection to a portion of claim number 104 which seeks payment of Form 941 taxes for a quarter—the third quarter of 1985—not included in any of the other claims.

The trustee's objection is that claim number 104 was filed after the bar date and that the inclusion of taxes for a new quarter constitutes the filing of a new, untimely-filed claim as to such new quarter. IRS replies that the inclusion of the new quarter was merely an amendment of its prior claims thereby avoiding the effect of the bar date, as previous timely filed claims covered all other periods from the second quarter of 1984 to the fourth quarter of 1985.

While the trustee acknowledges the general rule that timely filed claims can be amended after the bar date, he urges that the addition of a tax for a period not previously included in a claim is not an amendment but is rather a new claim. This view was expressed in *In re Owens,* 67 B.R. 418 (Bankr.E.D.Pa.1986). In *Owens* the court notes at page 423 the consistent policy of courts in freely permitting amendments to timely filed claims and then proceeds to attack that policy under the guise of exposing and condemning the dreaded "new claim."

The "new claim" exception to amendments has been voiced in the Eleventh Circuit in *In re International Horizons, Inc.,* 751 F.2d 1213, 1215 (1985) and in the Ninth Circuit in *In re Westgate California Corp.,* 621 F.2d 983, 984 (1980). Both courts, however spoke of an *"entirely* new claim" [emphasis supplied]. What "entirely" adds to "new" is unclear and somewhat puzzling, but at the very least it suggests that the "new claim" exception to claim amendment requires something shockingly different.

The *Owens* court relied on a difference in tax years between the original and the amended claims and cited *In re Sapienza,* 27 B.R. 526 (Bankr.W.D.N.Y.1983) for the proposition that amendments would not be permitted to allow claims for later tax years. While *Sapienza* did in fact involve an amendment for a different year's tax, the main problems were that the amendment was filed a year and a half into a confirmed Chapter 13 plan under which IRS had been receiving payments, and that the court viewed the tax claim in the amendment as a post-petition tax not provided for or otherwise payable under the Chapter 13 plan. It is also clear that the equities of the situation and what the court perceived to be dilatory conduct on the part of IRS formed the basis of the court's decision rather than any clear rule on the amendment of claims.

The law of this circuit requires that amendments be liberally permitted. *In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 182 (9th Cir.1979). This circuit also allows a claim filed after the bar date to qualify as an amendment to a timely filed claim if both claims are of the same generic origin. *Menick v. Hoffman,* 205 F.2d 365, 368 (9th Cir.1953). As the timely filed claims sought payment for six quarters of Form 941 taxes and the disputed claim is for an additional quarter of Form 941 taxes falling within the time periods covered by the original claims, it would appear the disputed claim should be considered a demand "of the same generic origin" as the timely filed claims, as that phrase is used in *Menick, supra. See also, Matter of Johnson,* 55 B.R. 800, 806 (Bankr.E.D.Va.1985) ("originate out of the same course of conduct and activity").

In a Chapter 11, Chapter 12, or Chapter 13 proceedings there may well be equities present which make it proper to reject the attempted amendment of a claim. The process of reorganization or rehabilitation may be too far along and various parties who have labored on the plan may be adversely prejudiced if amendment is permitted. It is regrettable that courts rejecting amendment in such cases do so by attempting to

fashion rules of law instead of relying on apparent inequities, especially since such courts generally cite all the equities involved along with each new rule established.

The instant case is a Chapter 7 liquidation. No party has relied on a claims bar date to struggle over the formulation of a plan, and no one has undertaken performance of a confirmed plan of reorganization or adjustment of debts. There is no indication that any party is in anyway prejudiced because the claim for the additional quarter of Form 941 taxes was not filed by the bar date. The trustee in this proceeding is merely going to serve up pieces of pie. As the trustee's instant objection was not filed for more than a year subsequent to the filing of the subject claim, it is unlikely that the size of the pieces has ever been of any concern to the trustee or a factor in his administration of the bankruptcy estate.

In accordance with the foregoing [and the stipulation of the parties that the portion of the claim based on Form 940 taxes for the year ending December 31, 1983, (a year preceding the filing of the bankruptcy petition) would be allowed in the amount of $56.60 principal, $41.36 interest (a decrease from the $67.57 originally listed on the claim), and $51.09 penalty], the claim of the Internal Revenue Service filed in this proceeding on August 3, 1987, in the amount of $93,924.34, is allowed as a Chapter 11 cost of administration claim in the amount of $93,749.08, a pre-petition priority claim under 11 U.S.C. section 507(a)(7) in the amount of $97.96, and a penalty claim under 11 U.S.C. section 726(a)(4) in the amount of $51.09. An order so providing shall be entered which additionally sets forth the stipulations of the parties announced in open court as to the disposition of the other objections raised by the trustee to the claims filed by the Internal Revenue Service.