**In re R.G. FISHER CONSTRUCTORS, a California corporation, aka Robert G. Fisher Company, Inc., Constructors Supply Company, and Fisher/CM, Debtor.**

**Bankruptcy No. 185–00394–B–7.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

March 5, 1990.

David F. Levi, U.S. Atty., Sacramento, Cal.

Charles M. Duffy, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for Internal Revenue Service.

Riley C. Walter, Ryder & Walter, Fresno, Cal., for Chapter 7 Trustee.

## MEMORANDUM OF DECISION AND ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DISALLOWING CLAIM

BRETT J. DORIAN, Bankruptcy Judge.

The file in this case indicates that this proceeding was commenced by the filing of a petition under Chapter 7 of the Bankruptcy Code on February 15, 1985. A meeting of creditors pursuant to 11 U.S.C. section 341(a) was scheduled for and held on April 3, 1985. Under Bankruptcy Rule 3002(c) and as stated in the notice of the creditors' meeting, proofs of claim were to be filed within 90 days after the date set for that meeting, thus establishing a bar date of July 2, 1985.

■ On July 2, 1985, claimant United States, Department of the Treasury, Internal Revenue Service ("IRS") filed a claim in the amount of $1,250.13 for unpaid penalty arising from employer taxes reported on Form 941 for the fourth quarter of 1984. As the claim was not for payment of the tax itself, but only a penalty related to the tax, the claim (in the court's view) would be entitled to priority under 11 U.S.C. section 726(a)(4),[1] a priority following that of general unsecured creditors. It is undisputed that this claim was timely filed.

On December 13, 1989, (nearly four and one-half years after the bar date) IRS filed a proof of claim labeled "Amendment # 1 to proof of claim dated 07–01–85" for $206,-362.40 for federal unemployment tax (commonly referred to as "FUTA" taxes or Form 940 taxes), plus $1,381.54 in interest and $52,840.73 in penalty. The first two amounts, if allowed, would have priority over general unsecured creditors, while the penalty portion would be junior to such creditors. The Chapter 7 trustee has objected to the allowance of this claim on the grounds that it was untimely filed and that even if deemed an amendment to a timely filed claim, its allowance at this late date in this proceeding would be prejudicial to other parties.

■ The bulk of the arguments submitted by the parties involves the allowable amendment issue of whether the claims meet the "same generic origin" test and thereby support a ruling that the latter proof of claim constitutes an allowable amendment to the original timely filed claim. *Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953). However, determination of this issue is not required as the court finds that the equities present in this case require a ruling that the latter claim filed by IRS should not be allowed for the following reasons:

1. Nearly four and one-half years elapsed between the claims bar date and the filing of the latter claim.

2. The filing of the initial claim indicates that the matter of the debtor's bankruptcy filing was timely known to IRS and that a review of the debtor's tax liability was undertaken.

3. IRS has neither offered nor suggested any mitigating reason for its tardy filing of a claim for Form 940 taxes; it relies solely on an "oops" defense.

4. The claims file alone in this case covers thirteen volumes, and the trustee has already devoted nearly two and a half

---

1. In its response to the objection filed December 14, 1989, IRS states that the claim would be entitled to priority under 11 U.S.C. section 507(a)(7)(G), a position the court questions but is not deciding at this time.

years to litigating various matters having to do with the filed claims.

5. Absent the filing of the subject claim, the trustee was in a position to proceed with distribution of nearly $390,000.00.

6. Allowance of the claim could deprive unsecured creditors who timely filed claims of possibly $208,000.00 if the IRS has correctly estimated the amount of the tax.[2]

7. This case is now nearly five years old; to allow IRS to amend its claim at this late date (assuming that amendment should otherwise be permitted) would require that distribution of assets and termination of this case be delayed for an additional substantial period of time as IRS has not as yet taken steps to fix with certainty the amount of the tax due but is merely relying at this point on an estimate of the debtor's liability.

8. Permitting an amendment so long after the bar date without a showing of good cause undermines the clear requirement of Bankruptcy Rule 3002(c) that claims be promptly filed and interferes with the need for the finality which a Chapter 7 trustee must have in order to move forward with the administration of a case.

9. The creditor register on file with the clerk indicates that approximately 150 creditors did file timely claims.

Both IRS and the Chapter 7 trustee have quoted statements from this court's opinion in *In re Bajac Construction*, 100 B.R. 524 (Bkrtcy.E.D.Cal.1989), in which an amendment filed by IRS fourteen months after the claims bar date was allowed. Suffice it to say that in *Bajac* the amended claim merely added one additional quarter of 941 taxes to claims for quarters prior to and subsequent to the added quarter and that there was essentially no showing of prejudice caused by the delay in filing the amendment.

In determining for the reasons stated above that the latter claim filed by IRS will not be allowed, the court neither states nor suggests what the ruling in this matter would have been had the latter claim been filed with substantially less delay; nor is the court deciding that as a matter of law any attempted amendment of a claim four and one-half years after the bar date will be rejected.

In accordance with the foregoing,

IT IS ORDERED that the motion of the trustee for summary judgment is granted and that the claim of IRS filed herein on December 13, 1989, is disallowed.

**In re John G. TAYLOR and Patricia Ann Taylor dba Tayko Industries.**

**Bankruptcy No. 290–02835–A–11.
Motion No. MBB–1.**

United States Bankruptcy Court,
E.D. California.

July 17, 1990.

---

**2.** Although the filed claim exceeds $260,000.00 a question exists as to whether or not the nearly $53,000.00 in penalty would have a higher priority than that of general unsecured creditors.

this court. The present facts are a case in point.

## FACTS

The debtors, John G. and Patricia Ann Taylor, are the President and Secretary–Treasurer, respectively, of Tayko Industries, Inc. (Tayko).

### Case No. 286–06346–B–11

On December 11, 1986, Tayko filed a chapter 11 petition (case no. 286–06346–B–11). Mercantile Bank (Mercantile) was listed as the holder of a secured claim on schedule A–2. On March 28, 1988, the court, the Honorable David E. Russell presiding, signed an order confirming Tayko's first amended plan of reorganization.

Over two years later on June 5, 1990 at a hearing to consider the motion of the I.R.S. to dismiss or convert, the chapter 11 case was converted to chapter 7. Mercantile supported the motion of the I.R.S. on the grounds that the debtor had defaulted in its payments as proposed in the confirmed plan. On July 3, 1990, Judge Russell signed the order of conversion.

### Case No. 290–00918–A–13

The debtors filed their chapter 13 petition on February 13, 1990. Although the petition was not accompanied by the required chapter 13 statement, plan, and computer identification codes, the creditor matrix filed by the debtors shows Mercantile to be a creditor.

Mercantile filed a motion for relief from the automatic stay on March 19, 1990. The debtors and their attorney neither filed an opposition to the motion nor attended the hearing. At the conclusion of the hearing the court signed an order on April 10, 1990 granting Mercantile's motion. On April 12, 1990 the chapter 13 case was dismissed for failure to file schedules, statement of affairs, computer codes, and a schedule of current income and expenditures.[1]

Marty Brifman, Sacramento, Cal., for Mercantile Bank.

Ronald Clark, Sacramento, Cal., for debtors.

## MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR DISMISSAL OF CHAPTER 11 CASE

### MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Chief Judge.

In the past four (4) years, the debtors, John G. and Patricia Ann Taylor, and their corporation have filed three (3) bankruptcy petitions. Needless to say multiple bankruptcy filings by the same debtor are becoming more commonplace, *See In re Jackson,* 108 B.R. 251 (Bankr.E.D.Cal.1989), and continue to be a source of concern to

---

1. In opposition to the present motion the debtors argue *inter alia* that their chapter 13 case was dismissed in error.

    On March 14, 1990 the debtors applied for and the court granted their request for an extension of time to file the chapter 13 statement, plan, and computer identification codes. The order provided that the debtors would have an additional thirty (30) days in which to file the papers. Thus, it appears that the deputy clerk

**730**

Undaunted, the debtors, through different counsel, filed a chapter 11 case on May 2, 1990. Mercantile promptly filed its motion for relief from stay, or in the alternative, for dismissal on June 1, 1990.

■ Mercantile sets forth the history of these three cases and requests that the court take judicial notice of the proceedings in the corporate filing and of the chapter 13 and chapter 11 cases filed by the individuals. The court grants Mercantile's request for judicial notice.

### DISCUSSION

■ Mercantile obtained a valid order terminating the automatic stay in the prior chapter 13 case which was not appealed and which should have validity in the present chapter 11 case.

■ The legal doctrine of res judicata applies when,

[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

*Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327 (9th Cir.1981) *citing Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Johnson v. Mateer*, 625 F.2d 240, 243 (9th Cir.1980). A judgment by default is considered a judgment on the merits for purposes of res judicata. *In re Bystrek*, 17 B.R. 894, 896 (Bankr.E.D.Pa.1982); J. Moore, A. Vestal, P. Kurland, 3 *Moore's Manual* sec. 36.04[8] (1989). The key factors are that there must have been notice and an opportunity to be heard. *Bystrek*, 17 B.R. at 896.

The Ninth Circuit has yet to decide the question whether a bankruptcy court order lifting the automatic stay in favor of a creditor in one bankruptcy case is effective to lift the stay imposed upon filing by the same debtor of a second bankruptcy case. In a case coincidentally called *In re Taylor*, 884 F.2d 478, 481 (9th Cir.1989), the Ninth Circuit refused to reach that broad question. It is important to note, however, that the court in *Taylor* expressly disapproved of the sweeping statement made by the Ninth Circuit Bankruptcy Appellate Panel regarding the res judicata effect of stay lift orders. *Id.*[2]

Other cases which have considered this issue have held that a stay relief order in a prior bankruptcy proceeding is res judicata. *Jefferson v. Mississippi Gulf Coast YMCA, Inc.*, 73 B.R. 179 (S.D.Miss.1986); *In re Vita*, 82 B.R. 244 (Bankr.S.D.N.Y. 1988); *In re Bradley*, 38 B.R. 425 (Bankr. C.D.Cal.1984); *In re Bystrek*, 17 B.R. 894 (Bankr.E.D.Pa.1982).

This court agrees with the weight of authority and thus will grant Mercantile's motion for relief from the automatic stay. The motion for relief was served properly on the debtors and their counsel at that time. It appears that the debtors had notice and an opportunity to oppose the motion but chose not to file an opposition or appear at the hearing. The order granting Mercantile's motion is one on the merits.

Important policy considerations underlie this court's decision today. It is obvious that debtors who file multiple bankruptcy petitions are engaging in gamesmanship with only one purpose—to delay or forestall the rights of secured creditors. When one of the key themes throughout the Code is *equality* of distribution, multiple filings simply are unfair and fly in the face of one

---

who signed and entered the order dismissing case on April 12, 1990 pursuant to Special Order 87–1 did so in error. It must be noted, however, that the debtors did not request that the dismissal be vacated. Instead, the debtors promptly filed the present chapter 11 case.