### In re OASIS PETROLEUM CORPORATION, Debtor.

**Bankruptcy No. LA 86–01225 AG.**

United States Bankruptcy Court, C.D. California.

June 17, 1991.

---

Lourdes G. Baird, U.S. Atty., Mason C. Lewis, Asst. U.S. Atty., Chief, Tax Div., Irene Scott Carroll, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff I.R.S.

Steven J. Kahn, Danning, Gill, Gould, Diamond & Spector, Los Angeles, Cal., for debtor Oasis Petroleum Corp.

## MEMORANDUM OF DECISION RE DISALLOWANCE OF IRS' CLAIM AMENDMENT

ARTHUR M. GREENWALD, Bankruptcy Judge.

### NATURE OF PROCEEDING

The United States Department of Treasury, Internal Revenue Service (IRS), seeks to have this Bankruptcy Court approve an amendment to IRS' Claim No. 220 in the amount of $281,764.36 applicable to first quarter 1986 for pre-petition federal excise taxes collected by the Debtor. The Trustee has objected to the asserted amendment.

### STATEMENT

This case was instituted by the filing of a voluntary Chapter 11 petition on or about January 23, 1986. The IRS obtained a copy of the Debtor's Schedules of Affairs shortly after the filing of the Chapter 11 petition.

On or about February 10, 1987, John P. Vizard was appointed Chapter 11 Trustee. Upon Mr. Vizard's death, David A. Gill was appointed Chapter 11 Trustee on or about February 4, 1988. Mr. Gill is now the duly-appointed, qualified and acting Successor Trustee pursuant to the Confirmed Plan of Reorganization in this case.

In accordance with the terms of Confirmed Plan of Reorganization, the Trustee has made a distribution to all allowed priority creditors and a partial pro-rata distribution to all allowed general unsecured creditors. Some thirty or more priority creditors filed timely claims along with over two hundred general unsecured creditors. The Trustee has completed his review of the filed claims, filing objections where appropriate. These objections have been resolved, other than the IRS' asserted amendment.

The following constitute scheduled and filed IRS claims against the Debtor's Estate, all of which have been either allowed, disallowed or reduced by agreement.

| | Type of Tax Liability | Amount |
|---|---|---|
| **Scheduled Claims** | | |
| | Excise Tax through 11/30/85 | $1,000,184.08 |
| | Contingent Federal Income Tax | $ 700,000.00 |
| | Payroll Tax | $ 8,174.00 |
| **Filed Claims** | | |
| 220 | Excise Tax, 4th Quarter, 1983 and 1st Quarter, 1984 | $ 28,357.26 |
| 282 | Excise Tax, 4th Quarter, 1985 | $ 86,231.97 |
| 481 | FUTA, 1985 | $ 9,640.10 |
| 482 | Excise Tax, 1st Quarter, 1986 (Administrative Expense Request) | $ 9,096.53 |

The Verified Statement of Indebtedness, setting forth the above-referenced claims of the IRS as the only claims of the IRS, was served on the IRS on or about December 15, 1989. The IRS did not object to any portion of the Verified Statement of Indebtedness.

The IRS seeks to have Claim No. 220 amended in the additional amount of $281,-764.36 for first quarter 1986 federal excise taxes, they being pre-petition taxes. There is no dispute that were the amendment allowed, the sum in question would constitute an unsecured priority claim payable before general unsecured claims.

The bar date for filing pre-petition claims was September 30, 1986, and for administrative claims, March 30, 1986. The IRS received timely notice of both dates.

On or about March 21, 1987, the Debtor forwarded to the IRS a copy of a federal excise tax return for the period January 1, 1986 through January 22, 1986, the return indicating a tax liability of $281,764.36 applicable to the first quarter of 1986. According to the records maintained by the IRS, it did not receive a copy of this tax return prior to March 21, 1987.

The IRS has not assessed a tax liability for first quarter 1986 excise taxes; nor filed a formal proof of claim; nor filed a motion requesting leave to file a late claim.

The IRS first asserted a claim to the first quarter 1986 excise taxes when, on July 20, 1990, its counsel filed a reply brief to the Trustee's objections to certain of the IRS' claims. Included in the reply brief was an explicit demand for these excise taxes, describing their nature and amount. Attached to the reply brief was a copy of the first quarter of 1986 excise tax return received on or about March 21, 1987 and a declaration of an IRS employee asserting liability.

On January 15, 1986, the Debtor made a federal excise tax deposit of $80,000.00 applicable to the first quarter of 1986. The IRS elected to apply this deposit to the Debtor's unpaid fourth quarter 1985 prepetition taxes.

## CONTENTION OF THE PARTIES

### IRS

The IRS asserts that equitable considerations favor the allowance of the asserted amendment to Claim No. 220, and that this Bankruptcy Court should exercise its discretion and allow this amendment.

The IRS relies upon the equitable factors set forth in *Ms. Glamour Coat Co.*, 80-2 U.S. Tax Cos. (CCH) Par. 9737, 1980 WL 1668 (S.D.N.Y.1980) based upon which a court may, in its discretion, allow a late

filed proof of claim. These facts are as follows:

"(1) Whether the parties or creditors relied on the IRS initial claim, or whether they had reason to know subsequent proofs of claim would follow pending the completion of the audit.

(2) Whether other creditors would receive a windfall to which they are not entitled on the merits by the Court not allowing this amendment to the IRS proof of claim.

(3) Whether the IRS intentionally or negligently delayed in filing its amended claim.

(4) The justification, if any, for the failure to request the timely extension of the bar date.

(5) Any other general equitable considerations."

The IRS acknowledges that a time span of four years and eight months lapsed from the September 30, 1986 bar date, but asserts that this lapse of time is not material in the instant case, as there is no prejudice or harm in allowing the amendment. The IRS points out that the instant case involves a confirmed liquidating Plan under Chapter 11 and that the allowance of the amendment would not adversely affect any reorganization process or rehabilitation of the Debtor, as they are non-existent in this case. Further, there are sufficient funds on hand to pay the asserted claim.

Finally, the IRS contends that the amendment meets the generic origin or transaction test considered by the court in *Menick v. Hoffman,* 205 F.2d 365 (9th Cir. 1953), as both the original claim and the proposed amendment involve federal excise taxes, though the time periods are different.

### TRUSTEE

In contrast to the IRS' Position, the Trustee contends that the equities present

in the instant case require that this court disallow the amendment, citing, among other cases, *In re R.G. Fisher Constructors,* 116 B.R. 726 (Bkrtcy.E.D.Cal.1990).

The Trustee calls the court's attention to the unexplained long delay in asserting the claim, and the lack of any effort by the IRS to request leave to file an amended claim or an extension to file a late claim.

The Trustee points out that the allowance of the amendment will cause substantial harm to the unsecured creditor body, as it would deprive unsecured creditors who filed timely claims of a pro-rata distribution of $281,764.36.

Finally, the Trustee asserts that the amendment does not meet the generic origin test, as the tax period in question is one year later than the last period covered in Claim No. 220.

### DECISION

The Trustee's objection to the IRS' amendment to Claim No. 220 in the amount of $281,764.36 is sustained. The asserted amendment is disallowed in full.

### DISCUSSION

*The Equities Present In The Instant Case Require The Disallowance of The IRS' Amendment*

██ This Court agrees with the Trustee that *In re R.G. Fisher Constructors, supra,* though a case under Chapter 7, is dispositive of asserted amendment in the instant liquidating Chapter 11 case. Substantially all of the equitable factors relied upon by the Court in the *Fisher* case, *supra,* are present in the instant case and favor the disallowance of the amendment. The IRS' amendment is disallowed for the following reasons.

1. Approximately four years and eight months elapsed between the claims bar date and the filing of the IRS' amendment.[1]

---

1. No document entitled, "Amendment to Proof of Claim" or similarly titled document was filed with the IRS, as was the situation in the *In re Fisher Constructors* case, *supra.* Consistent with Ninth Circuit policy, however, this Bankruptcy Court finds that the IRS' reply constitutes an

informal proof of claim because it "states an explicit demand showing the nature and amount of the claim against the estate, and evidences an intent to hold the debtor liable". *In re Sambo's Restaurant, Inc.,* 754 F.2d 811, 815

2. The Debtor's bankruptcy was timely known to the IRS. It received a copy of the Debtor's Schedules and Statement of Affairs shortly after the filing of the Chapter 11 petition. Upon being notified of the bankruptcy, a review of the Debtor's tax liability was undertaken.

3. The IRS received timely notice of the claim bar date of September 30, 1986 and the administrative expense bar date of March 15, 1990.

4. The IRS timely filed excise tax claims for prior quarters.

5. On January 15, 1986, the Debtor made a federal excise tax deposit in the amount of $80,000.00 applicable to the first quarter of 1986. Despite the fact that the return was received by the IRS after the September 30, 1986 bar date, the deposit put the IRS on notice that there existed a substantial tax liability for that period. As such, the IRS was in a position to file a timely claim based upon an estimation of liability, a practice frequently applied by the IRS in similar situations, but which the IRS failed to do in the instant case. Upon the receipt of the return, the claim then could have been amended.

6. The IRS was duly served with the Verified Statement of Indebtedness by the Trustee on or about December 15, 1989. The Statement did not list first quarter 1986 federal excise taxes as a claim of the IRS. The IRS did not object to the Verified Statement of Indebtedness.

7. No explanation has been presented by the IRS mitigating the four year and eight month delay in presenting its informal claim of $281,764.36. During this delay, no effort was made by the IRS to seek leave to file a late claim. In fact, the record reflects that on several occasions, requests by the IRS' local bankruptcy advisor to have a claim filed were not acted upon by IRS personnel responsible for filing claims. No explanation was given for such conduct.

8. The allowance of the IRS' claim would deprive some 200 unsecured creditors the sum of $281,764.36, as this amount, if allowed, would constitute an unsecured priority claim under Section 507 of the Code.

*Evaluation of IRS' Contentions*

The Court finds unacceptable the IRS' contention that there exists no harm or prejudice were the amendment allowed. To the contrary, the allowance of the amendment would deprive unsecured creditors who timely filed claims of a pro-rata distribution of $281,764.36.

The Court is not persuaded by the argument that the equities favor the IRS because the amendment involves trust fund taxes. Whether taxes are imposed against the Debtor, or collected by the Debtor on behalf of the Government, is of no consequence as far as the equities are concerned. In both instances, a liability is generated requiring collection by the IRS in accordance with the Bankruptcy Code and Bankruptcy Rules. No distinction is made in the Code or Rules as to the source of the liability, as far as the filing of claims is concerned.

Applying the factors set forth in the case of *Ms. Glamour Coat Co., supra,* relied upon by the IRS, the Court also finds that the equities do not favor allowing the amendment. Initially, the IRS' unexplained conduct contributed substantially to the prolonged delay in filing the amendment. No justification has been given for the failure to request a timely extension of the bar date.

The receipt of the $80,000.00 excise tax deposit for the first quarter of 1986 should have put the IRS on notice that there existed a substantial liability applicable to that period. Steps should have been taken to protect the IRS' claim by estimating the liability prior to the receipt of the excise tax return, and thereafter, amending the claim upon receipt of the return.

The Debtor's delivery of a tax return to the IRS on March 21, 1987, did nothing to give notice to the unsecured creditor body that the IRS, over four years later, would file a substantial amendment far in excess

(9th Cir.1985). *Matter of Pizza of Hawaii, Inc.,*     761 F.2d 1374, 1381 (9th Cir.1985).

of Claim No. 220 by means of a reply to the Trustee's objections.

The disallowance of the amendment will not result in a windfall to which unsecured creditors are not entitled, as under the Confirmed Plan, they are entitled to a distribution of these funds.

As stated by Judge Dorian in *R.G. Fisher Constructors*, 116 B.R. at p. 728.

"Permitting an amendment so long after the bar date *without a showing of good cause* undermines the clear requirement of Bankruptcy Rule 3002(c) that claims be promptly filed and interferes with the need for the formality which _____ a trustee must have in order to move forward with the administration of a case". (emphasis added).

Having found that the equities favor the disallowance of the IRS' amendment under both the *Fisher* and *Glamour Coat Co.* cases, this Court declines to consider the question of whether the claims meet the "same generic origin" test.

### ORDER DISMISSING IRS' CLAIM AMENDMENT

In accordance with the Court's Memorandum of Decision Re Disallowance of IRS' Claim Amendment filed on June 17, 1991, IT IS ORDERED that the Trustee' objection to the Amendment is sustained. The Amendment is disallowed in full.