In re The CIRCLE K CORPORATION; Circle K Convenience Stores, Inc.; Circle K Management Company; Lar–Lin, Inc.; First Circle Properties, Inc.; Utotem, Inc.; Utotem Markets of Arizona, Inc.; U Totem of Alabama, Inc.; U–Tote'm of Colorado Inc.; U–Tote'm of Miami, Inc.; Tic Toc Systems, Inc.; Monterre Properties, Inc.; Shop & Go, Inc.; Circle K General, Inc.; Circle K Hawaii, Inc.; Combined Aviation Co.; Charter Marketing Company (Connecticut); Charter Marketing Company; Mr. B's Oil Co., Inc.; Mr. B's Food Mart, Inc.; NPI Corporation; Old Colony Petroleum Company, Inc.; New England Petroleum Distributors, Inc.; and 44th Street & Camelback Limited Partnership, Debtors.

Bankruptcy Nos. B–90–5052–PHX–GBN, to B–90–5075–PHX–GBN.

United States Bankruptcy Court, D. Arizona.

March 30, 1994.

D.J. Baker, Weil, Gotshal & Manges, Houston, TX, Harvey R. Miller, Weil, Gotshal & Manges, New York City, John J. Dawson, Streich Lang, Phoenix, AZ, Tad R. Smith, Kemp, Smith, Duncan & Hammond, El Paso, TX, for debtors.

Jared G. Parker, Johnston, Maynard, Grant & Parker, Phoenix, AZ, for disbursing agent.

Ralph L. Taylor, Webb, Tanner & Powell, Lawrenceville, GA, Joseph K. Brinig, Phoenix, AZ, for Robert L. White.

Thomas H. Allen, Staff Atty., U.S. trustee, Phoenix, AZ.

## ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

The reorganized debtors' objection to Claim No. 14678 is before the Court through the parties' stipulated facts and briefs. The Court concludes that an oversecured creditor's claim amendment to add a request for attorneys' fees relates back to a timely filed proof of claim. Regardless, claimant made no effort to document how the claimed legal

fees were reasonably incurred under a promissory note and security agreement. Accordingly, the objection is sustained.

## I

On April 22, 1991, Claim 9093 was filed by Northeast Georgia Bank ("Bank") asserting a secured claim for $25,106.45 principal plus interest in an unliquidated amount. This claim, identified as Number 9093, is based on a note dated October 18, 1986, in which Mr. B's Oil Company ("Mr. B") agreed to pay the Bank $77,014.38. The note is secured by equipment at Mr. B's store in Royston, Georgia. As of May 15, 1990, Mr. B's ceased payments on the note. Mr. B's is a debtor in these jointly administered cases.

Debtors filed an omnibus objection to certain claims, seeking liquidation. Claim 9093 is included in this group. The Bank was served with notice of the objection and made no response. A November 10, 1992 order sustained the objection and allowed the claim in the principal amount of $24,114.60.

On January 19, 1993, Robert L. White ("White"), the sole shareholder of Mr. B's, served Circle K with a transfer and assignment of claim dated January 16, 1993, which transferred Claim 9093 to White.

On February 1, 1993, White filed a claim amendment, seeking to include attorneys' fees of $2,500.00, which he earlier paid to the Bank. This amended claim is assigned Number 14678. Claim 14678 is again based on the 1986 promissory note, but provides no detail for the attorney fee demand.

Under the confirmed plan and the Court's November 10 order, White, as assignee of Claim 9093, has an allowed secured claim of $33,387.07. This amount includes principal of $24,114.60, plus 13% interest from the petition date until the plan's effective date. Since plan confirmation, debtors have made six monthly payments to White of $585.38 each. An additional 28 monthly installments are proposed to complete payment.

## II

Circle K objects to Claim 14678 as duplicating Claim 9093. Both are based on the note. Debtors objected earlier to Claim 9093 and sought to have the amount established. When the Bank filed no response, an allowance order liquidating the claim was entered. White, as assignee of the Bank, is entitled to only one recovery. Debtors state such recovery is provided through the allowed claim. If the legal fees are not resolved in that order, they are disallowed as a late filed claim.

Alternatively, debtors view the disputed claim as a new claim filed nearly two years after the bar date. White and the Bank had notice of these cases and the bar date. The Bank timely filed the allowed claim. The disputed claim seeks fees after both the bar date and the allowance order, without leave of Court. Debtors note that while the amount is insignificant, prejudice will result if the thousands of creditors in this joint case can assert new claims after the bar date.

Finally, debtors urge the fees sought are unsubstantiated, unreasonable and not based on the note. There is no detail to support the claimed fees. White asserts the amount was paid to Bank counsel for collection efforts. The only collection effort against Mr. B's, maker of the note, was filing the allowed claim, debtors argue. Fees of $2,500.00 are not reasonable for preparing a simple claim. Debtors suggest the Bank may have incurred, and White paid, fees associated with White's guaranty. If so, such fees relate to the guaranty between the Bank and White, not the note between the Bank and Mr. B's. It is the note that provides the basis for the disputed claim.

## III

Creditor argues allowed Claim 9093 asserted a secured claim, plus interest, based on a promissory note secured by equipment. That claim is allowed. White notes, as the former owner of Mr. B's, he is also obligated on the note. On January 16, 1993, White paid the Bank the liquidated balance and attorneys' fees of $2,500.00. White then took an assignment of the Bank security interest and claim. Creditor asserts he is entitled to fees as an oversecured creditor, who paid these fees to Bank counsel. There is no dispute he is oversecured. Thus, he is entitled to collect reasonable attorneys' fees.

He further argues the amended amount is reasonable, since it is based on the actual amount charged by the Bank, not on the arbitrary 15% figure set in the note and security agreement. Although he has not provided an itemized statement, he asks the Court to determine reasonableness based on the actual fees charged.

Creditor argues there is no rule or order that prohibits amending his claim to seek additional fees actually paid. White states he acted swiftly to assert his claim after taking the assignment. The bar date order does not bar creditors from amending timely claims. White has stipulated that Claim 14678 attaches no detail in support of the requested fees. Stipulation filed January 26, 1994, at p. 3.

## IV

■ A party seeking to amend its claim must first obtain leave of court. *In re Outdoor Sports Headquarters, Inc.,* 161 B.R. 414, 421 (Bankr.S.D.Ohio 1993). Here, as in *Outdoor Sports,* creditor did not obtain leave to amend. However, as with that case, this Court should not elevate form over substance. *Id.* at 421. The parties briefed the substantive issues and stipulated to the facts. Notwithstanding White's procedural omission, the Court will address the merits.

■ A creditor can amend a claim after the bar date. *Sambo's Restaurants, Inc. v. Wheeler, (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 816–17 (9th Cir.1985). In the absence of prejudice, the Court should freely allow amendments that relate back to the filing of the original, to cure a defect or describe the claim with greater particularity. *Id. See also Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 227 (9th Cir.1989).

■ In determining whether an amendment is allowable, Rule 15(c), Fed.R.Civ.P., provides a useful analogy. *State of California Board of Equalization v. Ulrich (In re Solari),* 63 B.R. 115, 117 (9th Cir. BAP 1986). Under Rule 15(c), an amended pleading relates back to the original, when the amendment arises out of the same conduct, transac-

tion or occurrence. *Id. See also In re Bajac Construction Co.,* 100 B.R. 524, 525 (Bankr. E.D.Cal.1989). A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin. *Id.*

■ A court examines prejudice to the opposing party in determining whether the claim relates back. *In re Bloom, supra,* at 227.

■ In the present case, the original Bank claim is filed as a secured claim. In the allowance order, the amount was liquidated. In the stipulated facts, the parties agree White has an allowed secured claim of $33,-387.07. The parties do not dispute that White, as assignee of the Bank, is oversecured. An oversecured claimant is allowed interest and reasonable fees, costs or charges provided in the agreement. 11 U.S.C. § 506(b).

## V

The issue is whether an amendment of an oversecured claim, seeking legal fees, is of the same generic origin as the original claim that did not seek such charges.

■ The Court concludes an amended claim seeking reasonable attorneys' fees for an oversecured creditor arises from the same transaction as the original claim. First, an oversecured creditor is entitled, under § 506(b), to claim reasonable attorneys' fees plus interest. Both claims arise out of the same Code provision, dealing with a narrow creditor class, i.e., those who are oversecured.

■ A claim for reasonable fees and costs is grounded in the agreement from which such claim arose. By contrast, a claim for interest need not be based on the note or security agreement. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). In this case, both claims are based on the same transaction: the promissory note and security agreement that created the secured debt.[1]

1. Debtors suggest the Bank may have incurred fees associated with White's guaranty. If so, this work relates to the guaranty between the Bank and White, not the note. If the fees are related

In short, the original claim gives fair notice of the transaction that forms the basis of the amended claim. *In re Solari,* 63 B.R. at 117, citing to *In re Westgate–California Corp.,* 621 F.2d 983 (9th Cir.1980). The amendment pleads a similar recovery on the same facts stated in the original. The same Code treatment of oversecured claims is invoked. Absent undue prejudice, the amended claim should be allowed.

As to prejudice, debtors concede the amount is small. Objectors are concerned about opening floodgates if this claim is allowed. Such an argument goes too far. This is a unique circumstance, dealing with whether a claim can be amended to assert additional recovery under § 506(b). If the $2,500.00 is allowed, there will be no demonstrable prejudice to other claimants. This is a billion dollar case; the amount sought is de minimis.

### VI

Although White is entitled to file the amended claim, the $2,500.00 amendment is disallowed, for failure to support the challenged amount.

Section 506(b) allows fees for an oversecured creditor's attorney pursuant to the parties' agreement. *Takisaki v. Alpine Group, Inc. (In re Alpine Group, Inc.),* 151 B.R. 931, 934 (9th Cir. BAP 1993). Four elements are required for recovery: (1) an allowed secured claim, (2) an oversecured creditor, (3) reasonable fees, and (4) a fee provision in the agreement. 151 B.R. at 935.

In the present case, all elements are met except reasonableness. An oversecured creditor is not given a blank check to incur fees and costs that will automatically be reimbursed. *Dalessio v. Pauchon (In re Dalessio),* 74 B.R. 721, 723 (9th Cir. BAP 1987). Debtors do not pay for the education of the creditor's attorneys or legal fees for issues decided adversely to the creditor. *In re Williams,* 97 B.R. 330, 332–33 (Bankr. N.D.Tex.1989).

In the present case, White has made no showing why these fees were incurred.

to collection efforts on White's guaranty, they are disallowed, as the amendment would not relate

Supporting documentation is not attached. There is nothing indicating the original claim was even prepared by Bank counsel. If the claim was so prepared, $2,500.00 is an unreasonable legal expense for a small, uncomplicated claim based on a note and security agreement.

### VII

The Court will not summarily overrule the amendment to the original claim on grounds it is an untimely new claim. However, even giving White this benefit, the legal fees cannot be allowed. White has made no effort to explain how these fees were reasonably incurred by the Bank under the note and security agreement.

to the note and security agreement, the basis of the original claim.